UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTIAN BAMBER,

    Defendant.

Case No. 5:17-cr-0182-EJD

**ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE**

On April 4, 2018, Defendant Christian Bamber ("Defendant") filed a Motion For Early Termination of Supervised Release. See Docket Item No. 4. Defendant pled guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine, a violation of 21 U.S.C. §486 and §841(a)(1). Defendant has served 28 months of his 60-month term of supervised release. Defendant represents that he has been gainfully employed since his release from incarceration and has completed both the in-patient and aftercare RDAP programs to address his addiction issues. Defendant requests early termination so that he may relocate to Seattle to be near his family support structure and to possibly attend culinary school in Italy. Pursuant to Court order, the Probation Office and the Government have filed responses to Defendant's motion. Both the Probation Office and the Government recommend denying Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering a subset of sentencing factors, "terminate a term of supervised release and discharge the defendant related any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The sentencing factors to be considered are: the nature and circumstances of the offense and the history and characteristics of

Case No.: 5:17-cr-182-EJD
ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE

1

the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the sentencing guideline range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

According to the Probation Response, Defendant's underlying conviction was his fourth criminal offense.  Defendant's current conviction is based upon his involvement in a conspiracy to distribute cocaine, methamphetamine, and marijuana, in which he served as a supplier and transporter between Washington and Montana.  Defendant's prior criminal history and the seriousness of the offense weigh against early termination of supervised release.  While on supervised release, Defendant was convicted of a misdemeanor violation of Disturbing the Peace for which he is currently servicing a two-year county probation term.  In light of this conviction, the deterrence and public protection sentencing factors also weigh against early termination of supervised release.  Therefore, Defendant's motion for termination of supervised release is DENIED.

It is commendable that Defendant has sustained employment during his supervised release and has set new career goals.  The Probation Office is prepared to support Defendant in his endeavors.  Specifically, the Probation Office has offered to refer Defendant to the SEEDS group, a vocational program, and to provide community referrals that specialize in job search and placement.  The Court hopes Defendant will utilize these resources.

**IT IS SO ORDERED.**

Dated: May 7, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cr-182-EJD
ORDER DENYING MOTION TO TERMINATE SUPERVISED RELEASE

2